IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE CATTLE AND BEEF ANTITRUST LITIGATION,<br><br>**Plaintiffs**<br><br>vs.<br><br>JBS S.A., et al.,<br><br>**Defendants.** | Civil Action No. 0:20-cv-1319 (JRT/HB)<br><br>**MOTION TO QUASH SUBPOENA DUCES TECUM** |

COMES NOW, Responding Party Nebraska Beef LTD ("Nebraska Beef"), and hereby, by and through its attorney, submits its motion to quash the subpoena duces tecum served upon it on April 22, 2022 ("Subpoena") by Plaintiffs of the In Re Cattle and Beef Antitrust Litigation. The information requested by the Subpoena is irrelevant to the action, unduly burdensome, and overbroad. In support of its motion, Nebraska Beef states the following:

1. In the above-captioned matter, Plaintiffs of the In Re Cattle and Beef Antitrust Litigation, Cattle Plaintiffs, Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, WinnDixie Stores, Inc., and Bi-Lo Holding, LLC ("Plaintiffs") allege that Defendants participated in an anti-competitive scheme to constrain beef supplies and drive up prices.

2. The matter underlying the Subpoena has been brought in the United States District Court for the District of Minnesota, not the United States District Court for the District of Nebraska.

3. To procure evidence in support of their claims, Plaintiffs issued the Subpoena to Nebraska Beef on April 22, 2022, requesting numerous documents and communications from the

time-period of January 1, 2013, through June 30, 2020, including, but not limited to, documents and communications regarding the following:

    a.    Nebraska Beef's organization structure;

    b.    Non-Defendant meat packers' competition and market share;

    c.    Effects of the Tyson Holcomb Plant fire on the U.S. markets for fed cattle and beef;

    d.    Decline of U.S. fed cattle prices in 2015;

    e.    Supply of fed cattle in the United States;

    f.    All documents relied upon when responding to requests from government regulators, including regulatory investigation requests;

    g.    Defendants U.S. fed cattle practices, production, slaughter level, and such impact on U.S. fed cattle and beef prices;

    h.    Transaction-level data for all Nebraska Beef's purchases of cattle between January 1, 2010 through December 31, 2020;

    i.    Utilization of Nebraska Beef's cattle slaughter plants; and

    j.    Any data dictionaries, data crosswalks, or data keys relevant to the above requested information.

    4.    The Subpoena requires disclosure of privileged and other protected information and provides no exception or waiver for documents and communications protected by attorney-client privilege between Nebraska Beef and its attorneys. Fed. R. Civ. P. 45(d)(3)(A)(iii).

    a.    Even with the protective order issued by the United States District Court for the District of Minnesota, requesting documents and communications regarding each subpoena request without exception for attorney-client privileged information violates Fed. R.

Civ. P. 45(d)(3)(A)(iii) by permitting disclosure of such information to the parties of the action. Requesting that the Court conduct an in-camera review of the documents to determine privilege and preparing such documents for an in-camera review in accordance with the protective order guidelines would impose undue burden and expense upon Nebraska Beef.

     5.     The time-period and content requested makes each and every request of the Subpoena unduly broad, vague, oppressive, unduly burdensome and expensive. Fed. R. Civ. P. 45(d)(3)(A)(iv).

     a.     In a wrongful death action arising from a bacteria outbreak in beef products, where a subpoena to a non-party beef supplier sought multiple corporate documents for a period of three years, the United States District Court for the District of South Dakota held that the time-period was overly broad and modified the time period to only six weeks. *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 470 (D.S.D. 2011). Further, the Court found that seeking information "on all microbacterial or food safety testing is overly broad, especially for a nonparty." *Id*. at 470.

     b.     More generally, where a subpoena sought the production of all books, records, memoranda, checks, correspondence, cancelled vouchers and all other documents and papers relating to other defendants and a third party, the United States District Court for the Southern District of New York found the request too broad as irrelevant. *403-411 East 65th Street Corporation v. Ford Motor Co.*, 27 F. Supp. 37, 38 (S.D.N.Y. 1939) ("Their materiality and relevancy are not apparent. Under the circumstances they are unreasonable. 'Fishing expeditions' for the purpose of constructing a case are frowned on by the courts."). See also *United States v. Weigand*, 520 F. Supp. 3d 609, 615 (S.D.N.Y. 2021) (granting a non-party limited liability company's motion to quash subpoena requests for all communications between

the non-party and the defendant over a six-year period as overly broad and insufficiently specific); *In re Application Pursuant to 28 U.S.C. Section 1782 of Okean B.V.*, 60 F. Supp. 3d 419, 421 (S.D.N.Y. 2014) (holding that production of documents pursuant to the subpoena would be unduly burdensome and intrusive to [the non-party]; and that the probative value of these documents does not justify imposition of these burdens and intrusions, and granting a non-party's motion to quash a subpoena seeking law firm documents in a foreign civil proceeding where no compensation for expenses associated with responding to the request was offered).

      c.      Given that Nebraska Beef is a non-party to this action, the Subpoena requests seeking "all" information on various topics are overly broad and irrelevant, especially considering the request seeks up to a decade-old information during a seven-year time-period. The potential probative value of the information sought by the Subpoena does not outweigh the burden and intrusion upon Nebraska Beef because these intrusive Subpoena requests that are vague amount to nothing more than an unreasonable "fishing expedition" by Plaintiffs at Nebraska Beef's expense.

      WHEREFORE Responding Party Nebraska Beef LTD respectfully requests that the Court grant its motion and quash Plaintiffs' subpoena duces tecum as overbroad and seeking irrelevant information.

Dated: June 7, 2022.

                                                                     Respectfully submitted,

                                                                     /s/ Joshua W. Weir (#23492)
                                                                     BLACK & WEIR LAW OFFICES, LLC
                                                                     1904 Farnam Street, Suite 425
                                                                     Omaha, NE 68102
                                                                     Phone: 402.513.3650
                                                                     josh@joshweirlaw.com
                                                                     ATTORNEY FOR RESPONDING PARTY

5

 /s/ Michael J. Weaver (#19389)
VANDENACK WEAVER TRUHLSEN
17007 Marcy Street, Suite 3
Omaha, NE 68118
Phone:  402.504.1300
Fax: 402.504.1935
mweaver@vwattys.com
ATTORNEY FOR RESPONDING PARTY